## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------

JOSEPH ROSENBERG              :
24 Tweed Road                 :
Levittown, PA 19056        :     CIVIL ACTION: _____
                                :
            Plaintiff,         :
                                :
        v.                     :     **JURY TRIAL DEMANDED**
                                :
CREAM-O-LAND DAIRY, LLC    :
d/b/a CREAM-O-LAND DAIRY     :
529 Cedar Lane                :
Florence, NJ 08518         :
                                :
            Defendant.      :

------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Joseph Rosenberg ("Plaintiff"), by and through his undersigned attorney, for his

Complaint against Defendant Cream-O-Land Dairy, LLC d/b/a Cream-O-Land Dairy

("Defendant"), alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this action to redress violations by Defendant of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* the New Jersey Wage and Hour Law

("WHL"), N.J.S.A. 34:11-56a, *et seq.,* the New Jersey Law Against Discrimination ("LAD"),

N.J.S.A. 10:5-1, *et seq.* (with respect to age), and the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 621, *et seq.*

### PARTIES

2.     Plaintiff Joseph Rosenberg is a citizen of the United States and Pennsylvania, and

currently maintains a residence at 24 Tween Road, Levittown, PA 19056.

3.      Defendant Cream-O-Land Dairy, LLC d/b/a Cream-O-Land Dairy is a limited liability company, that maintains a business address of 529 Cedar Lane, Florence, NJ 08518 in Burlington County, New Jersey.

4.      Defendant is a "private employer" that engages in interstate commerce and is covered by the FLSA.

5.      Plaintiff was employed by Defendant at all times relevant hereto (i.e. from on or about November 15, 2017 until his termination on or about January 10, 2019), and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

## JURISDICTION AND VENUE

6.      On or about January 11, 2019, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. 200035(b) and (e).  Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2019-04387.  Plaintiff's EEOC Charge was filed within three hundred (300) days of the unlawful employment practice.

7.      More than sixty (60) days have elapsed since Plaintiff filed his Charge with the EEOC.

8.      Plaintiff filed the instant action within the statutory time frame.

9.      Plaintiff has therefore complied with all conditions precedent to maintaining this action.

10.     This court also has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

11.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative facts as the federal claims.

13.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant regularly conducts business in this judicial district and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FACTUAL BACKGROUND

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     Plaintiff began his employment with Defendant on or about November 15, 2017 in the position of Dispatcher.

16.     Throughout the course of Plaintiff's employment with Defendant, Plaintiff performed his job well, receiving positive feedback and no justifiable discipline.

17.     Plaintiff's date of birth is July 30, 1952, and as such, he is sixty-seven (67) years of age.

18.     Throughout the course of Plaintiff's employment with Defendant, Plaintiff did not supervise, or direct any employees of Defendant. Further, Plaintiff did not have the ability to make independent decisions in matters of great significance with Defendant.

### Factual Allegations Pertaining to Plaintiff's FLSA/WHL Claims

19.     Paragraphs 1 through 18 are hereby incorporated by reference as though the same were fully set forth at length herein.

20.     In the capacities of a Dispatcher, Plaintiff remained in contact with Defendant's drivers, performed customer service calls, took information to provide to decision-makers, scheduled equipment maintenance, and reported information to Defendant's Safety Director.

21.     Plaintiff provided the aforementioned services on a schedule determined by Defendant's Vice President of Operations, Scott Stoner ("Mr. Stoner"), and Respondent's Manager, Mark Bonomo ("Mr. Bonomo"), who instructed Plaintiff what to do and when.

22.     Plaintiff was required to perform the aforementioned work in accordance with certain specific guidelines, protocols, and training provided by Defendant.

23.     Plaintiff also received performance evaluations from Defendant, along with performance feedback, and coaching.

24.     Plaintiff was compensated on a salaried basis for all work performed as instructed by Defendant, despite Plaintiff's coworkers, who had similar job titles and duties, being compensated on an hourly basis and being non-exempt from overtime compensation.

25.     Plaintiff typically worked approximately fifty (50) hours, and often times more, per week.

26.     Despite the fact that Plaintiff routinely worked in excess of forty (40) hours per week, Plaintiff did not receive any overtime compensation for work performed in excess of forty (40) hours per week.

27.     By way of example, upon information and belief, during the workweek beginning on October 7, 2018 and ending on October 13, 2018, Plaintiff worked approximately fifty (50) hours.  However, as set forth above, Plaintiff was not compensated at a rate of 1.5 times his regular rate of pay for all hours worked over forty (40) during said week.

28.     Defendant regularly failed to pay Plaintiff overtime compensation when his hours exceeded forty (40) in one workweek.

29.     Defendant classified Plaintiff as "exempt" under the FLSA and WHL and therefore determined that Plaintiff was not entitled to overtime compensation.

30.     Defendant unlawfully misclassified Plaintiff as "exempt." Plaintiff was not exempt from receiving overtime compensation.

31.     As a result of the aforesaid practices, Plaintiff has been denied overtime compensation for hours worked over forty (40) in a workweek.

32.     Plaintiff does not qualify for the executive, administrative, or professional exemptions under the FLSA/WHL.

33.     Plaintiff also did not have the authority to hire, fire, or discipline other employees of Defendant, nor did he make recommendations with respect to employee status changes to which Defendant gave substantial weight.

34.     As a result, Plaintiff does not satisfy the duties requirements for the exemption for executive employees under the FLSA/WHL.

35.     Plaintiff did not perform work directly related to Defendant's management or general business operations, nor did he exercise discretion or independent judgment regarding matters of significance to Defendant.

36.     Moreover, Plaintiff was not permitted to incur expenses or enter into contracts on Defendant's behalf without prior authorization.

37.     Accordingly, Plaintiff does not meet the duties requirements for the exemption for administrative employees under the FLSA/WHL.

38.     Plaintiff's primary duty did not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction.  In this regard, Plaintiff's job duties did not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.  Rather, Plaintiff was required to perform his job responsibilities in accordance with specific guidelines, protocols, procedures, and training provided by Defendant.

39.     Accordingly, Plaintiff does not meet the duties requirements for the exemption for learned professionals under the FLSA/WHL.

40.     Finally, there are no other exemptions under the FLSA/WHL which could arguably be applicable to Plaintiff.

41.     Plaintiff was, within the meaning of the FLSA and WHL, a non-exempt employee of Defendant and therefore was entitled to overtime compensation for all hours he worked over forty (40) in a workweek.

42.     Defendant failed to pay Plaintiff at a rate of 1.5 times his regular rate of pay for each hour he worked in excess of forty (40) in a workweek.

43.     Defendant failed to accurately track and maintain records of Plaintiff's hours worked in violation of the FLSA/WHL.

44.     Approximately one (1) week prior to Plaintiff's termination, Plaintiff engaged in protected activity under the FLSA/WHL when Plaintiff complained to Mr. Stoner, Mr. Bonomo and Defendant's Chief Financial Officer, Carl Swick ("Mr. Swick"), about not receiving overtime compensation for working on holidays, and that Defendant's other employees were.

45.     In response, Plaintiff was told, "you're salaried, it is what it is."

46.     Then, approximately one (1) week later, during a meeting with Mr. Stoner, Mr.

Bonomo and Mr. Swick, on or about January 1, 2019, Plaintiff was abruptly terminated.

47.     During Plaintiff's termination meeting, Plaintiff was told he was being terminated

because "business was not as good as expected." However, when Plaintiff inquired about how

Defendant was then able to purchase sixty-seven (67) new work trucks, Defendant changed the

reason Plaintiff was being terminated and stated, "well you were the last person brought in."

Subsequently, Plaintiff informed Defendant that coworker, Amanda LNU (Last Name Unknown)

(approximately 20-30 years of age), was hired after himself. In response, Defendant concluded

Plaintiff's termination meeting by stating, "well you make more than she does."

48.     It is believed and therefore averred that Defendant terminated Plaintiff's

employment in retaliation for attempting to exercise his rights under the FLSA/WHL.

49.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered

damages.

### Factual Allegations Pertaining to Plaintiff's ADEA/LAD Claims

50.     Paragraphs 1 through 49 are hereby incorporated by reference as though the same

were fully set forth at length herein.

51.     As previously mentioned, when Defendant terminated Plaintiff from employment,

on or about January 1, 2019, Plaintiff was told "well you were the last person brought in."

However, Plaintiff's coworker Amanda LNU was hired after Plaintiff. Upon information and

belief, Amanda LNU is approximately twenty (20) to thirty (30) years of age.

52.     Moreover, subsequent to Plaintiff's termination, Plaintiff was replaced in his

previously held position by an individual who was approximately forty (40) years of age.

53.     As such, Defendant's reasons for Plaintiff's termination are pretextual.

54.     Upon information and belief, Defendant targeted Plaintiff for termination on the basis of his age. At the time of Plaintiff's unlawful discharge, he was sixty-six (66) years of age, and therefore a member of a protected class under the ADEA/LAD.

55.     It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his age.

56.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.S.C. § 621, *et seq.*
### DISCRIMINATION

57.     Paragraphs 1 through 56 are hereby incorporated by reference, as though the same were fully set forth at length herein.

58.     Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on the basis of his age at the time of his termination, sixty-six (66), and on the basis of him being over forty (40) years old.

59.     Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

60.     Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

8

61.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

(A)     Back wages, front pay, loss of health and retirement benefits, raises, and bonuses in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

(B)     Liquidated damages;

(C)     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

(D)     Pre-judgment interest in an appropriate amount; and

(E)     Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*
### RETALIATION

62.     Paragraphs 1 through 61 are hereby incorporated by reference as though the same were fully set forth at length herein.

63.     Plaintiff engaged in protected activity under the FLSA by complaining of Defendant's unlawful business practices regarding unpaid overtime wages.

64.     Shortly thereafter, Defendant retaliated against Plaintiff, which ultimately resulted in Plaintiff's termination from employment for reasons which are clearly pretextual.

65.     By reason of the foregoing, Defendant, through their agents, officers, servants, and/or employees have violated the FLSA by discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

66.     As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully request that this Court enter judgment in his favor against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B.     Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

C.     Compensatory, punitive, liquidated, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for their intentional, negligent, willful, wanton, and/or malicious conduct;

D.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

F.     Pre-judgment interest in an appropriate amount;

G.      Such other and further relief as is just and equitable under the circumstances.

## COUNT III
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

67.      Paragraphs 1 through 66 are hereby incorporated by reference as though the same were fully set forth at length herein.

68.      Pursuant to Section 206(b) of the FLSA, all non-exempt employees must be compensated for every hour worked in a workweek.

69.      Moreover, Section 207(a)(1) of the FLSA states that non-exempt employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

70.      According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week.  Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA.

71.      The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

72.      Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

73.      Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.   Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B.   Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C.   Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.   Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E.   Awarding pre- and post-judgment interest and court costs as further allowed by law;

F.   Such other and further relief as is just and equitable under the circumstances.

**COUNT IV**
**NEW JERSEY WAGE AND HOUR LAW**
**N.J.S.A. 34:11-56a,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

74.   Paragraphs 1 through 73 are hereby incorporated by reference as though the same were fully set forth at length herein.

75.   Plaintiff is an employee covered by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, and was thus entitled to the protections therein.

76.   The WHL provides than an employer must pay certain wages, including overtime wages, to non-exempt employees. See N.J.S.A. 34:11-56(a)4.

77.     The WHL further provides that non-exempt employees must be paid at a rate not less than the greater of 1.5 times the employee's "regular hourly wage," or 1.5 times the minimum wage, for all hours worked over forty (40) in a workweek.  See N.J.S.A. 34:11-56(a)4.

78.     By its actions alleged above, Defendant has violated the provisions of the WHL by failing to properly pay overtime compensation.

79.     As a result of Defendant's unlawful actions, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts together with interest, costs, and attorneys' fees pursuant to the WHL.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorney's fees and costs pursuant to the WHL; and

C.     An award to Plaintiff for any other damages available to him under applicable New Jersey law, and all such other relief as this Court may deem proper.

### COUNT V
### THE NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. § 10:5-1, *et seq.*
### DISCRIMINATION - AGE

80.     Paragraphs 1 through 79 are hereby incorporated by reference as though the same were more fully set forth at length herein.

81.     At all times relevant hereto, Plaintiff was an employee within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.*

82.     Pursuant to the LAD, Defendant unlawfully and illegally discriminated against Plaintiff on the basis of his age at the time of his termination, sixty-six (66).

83.     Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

84.     Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

85.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

86.     As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the LAD.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B.     Compensatory, exemplary, and/or punitive damages;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the

financial recovery available to Plaintiff in light of the caps on certain damages set forth by

applicable law.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted

**MURPHY LAW GROUP, LLC**


By:
Benjamin Salvina, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
bsalvina@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: November 11, 2019

15

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.